**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4014**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BALRAJ NAIDU,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:08-cr-00091-CCB-2)

Submitted:  January 24, 2012            Decided:  May 4, 2012

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Andrew H. Baida, ROSENBERG MARTIN GREENBERG, LLP, Baltimore,
Maryland, for Appellant.  James G. Warwick, Rachel Miller
Yasser, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Balraj Naidu of conspiracy to provide material support to a foreign terrorist organization, in violation of 18 U.S.C.A. § 2339B(a)(1) (West Supp. 2011). The district court sentenced Naidu to fifty-seven months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the verdict form constructively amended the indictment and whether there was sufficient evidence to support the conviction. Naidu also filed a pro se supplemental brief raising additional issues.[*] We affirmed the judgment of the district court. We now grant Naidu's petition for panel rehearing. Although we affirm the conviction and sentence, we remand to the district court to correct a clerical error in the judgment.

On appeal, counsel first questions whether the verdict form constructively amended the indictment. As Naidu failed to raise this issue in the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, Naidu must demonstrate that there was error, that was plain, and that affected his substantial rights. Id. Moreover, even if

_____

[*] We have considered the issues raised in Naidu's pro se briefs and conclude that they lack merit.

2

Naidu demonstrates plain error occurred, we will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Hackley, 662 F.3d 671, 682 n.6 (4th Cir. 2011) (internal quotation marks and citation omitted). Constructive amendments are "fatal variances because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Perry, 560 F.3d 246, 256 (4th Cir. 2009) (internal quotation marks and citations omitted).

Here, while the indictment charged the knowledge element of the offense in the conjunctive, the verdict form and the statute list the knowledge element in the disjunctive. As counsel correctly concedes, however, "[i]t is well established that when the [g]overnment charges in the conjunctive, and the statute is worded in the disjunctive, the district court can

3

instruct the jury in the disjunctive." Perry, 560 F.3d at 256 (internal quotation marks and citations omitted). We therefore conclude that the district court did not commit plain error in crafting the verdict form and instructing the jury regarding the form.

Counsel next questions whether the Government presented sufficient evidence to support the conviction, contending that Naidu was excluded from the conspiracy by his coconspirators. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "In reviewing the sufficiency of the evidence supporting a criminal conviction, our role is limited to considering whether there is substantial evidence, taking the view most favorable to the Government, to support it." Id. (internal quotation marks and citation omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Smith, 451 F.3d at 216 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare

case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted).

In order to obtain a conviction under § 2339B(a), the Government was required to prove that Naidu knowingly conspired to provide material support to a foreign terrorist organization, with knowledge that the organization is a designated terrorist organization, engaged in terrorist activity, or engaged in terrorism. 18 U.S.C. § 2339B(a). "Once a conspiracy is established, . . . it is presumed to continue unless or until the defendant shows that it was terminated or he withdrew from it." United States v. Green, 599 F.3d 360, 369 (4th Cir. 2010). We have thoroughly reviewed the record and conclude that the Government provided overwhelming evidence of Naidu's guilt of the offense of conviction and that the evidence did not demonstrate Naidu's affirmative withdrawal from the conspiracy. See id. at 369-70 (internal conflict between conspirators resulting in defendant's hiatus from conspiracy failed to demonstrate affirmative withdrawal).

We therefore affirm Naidu's conviction and sentence. However, the judgment of the district court contains an internal inconsistency that must be corrected. While correctly listing the offense of conviction as "Count 2" in one section, the judgment later incorrectly refers to the offense of conviction as "Count 1," and refers to the statute charged in Count 1 of

5

the indictment, a count on which Naidu was not tried. We therefore remand to the district court to correct this clerical error in accordance with Fed. R. Crim. P. 36.

We have examined the entire record in accordance with the requirements of Anders and have found no other meritorious issues for appeal. Accordingly, we affirm the conviction and sentence, and remand to the district court to correct the error in the judgment. We also deny Naidu's motion for appointment of substitute counsel. This court requires that counsel inform Naidu, in writing, of the right to petition the Supreme Court of the United States for further review. If Naidu requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Naidu. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED